UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALBERT W. HATCHER, JR., :
        Petitioner, : Civ. No. 18-13938 (RBK)
        v. :
E. ESPINOZA, : **OPINION**
        Respondent. :

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Albert W. Hatcher ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter referred to as "Petition"), purporting to challenge aspects of his incarceration. (ECF No. 5). The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the following reasons, the Court will deny the Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

### I.     BACKGROUND

The Court will construe the allegations in the Petition as true for the purpose of this Opinion. This case arises from the fact that Petitioner is serving his sentence at FCI Fort-Dix. The Court gleans from the Petition that the State of Virginia charged Petitioner with buying and receiving stolen goods and then with contempt for failure to appear at the corresponding

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

arraignment, in 2017. (ECF No. 5, at 2, 12–14). The State of Virginia then issued detainers and "fugitive files" for Petitioner's failure to appear at arraignment. (*Id*. at 4).

The remaining procedural history is unclear, but the gravamen of the Petition is that the Federal Bureau of Prisons appears to have raised Petitioner's custody level as a result of Petitioner's active state charges. (*Id*. at 6). Petitioner takes issue with his custody level, emphasizing that his co-defendant, Alexandra Hatcher, initially served her sentence at a lower security level, and is now serving her sentence at two security levels lower than the Petitioner, even though they were "sentenced for the same federal crime." (*Id*.).

Petitioner contends that his state charges are "double jeopardy of the Federal charges for which [he] is currently serving [a] sentence" and that all of "the evidence is against Alexandra Hatcher." (*Id*. at 7). Petitioner had attempted to have the state courts or the federal prosecutor on his case resolve the state charges but received no response to his requests. (*Id*. at 6).

On February 21, 2019, Petitioner filed the instant Petition, requesting that this Court "clear [the] pre-trial State detainer(s) for failure to appear for a court hearing." (*Id*. at 4).

## II.   DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner, however, does not attack the duration of his incarceration nor does he seek release from prison.

Instead, Petitioner challenges the validity of untried state charges and detainers against him, which raise his Federal Bureau of Prisons custody level. Among other things, a prisoner's custody level affects where he may serve his sentence, which impacts the conditions of his confinement. The Third Circuit has explicitly held, however, that claims concerning the determination of a prisoner's custody level "do not lie at the 'core of habeas' and, therefore are not cognizable in a § 2241 petition." *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement).

Stated differently, because a finding in Petitioner's favor, such as the dismissal of his state charges, detainers, and fugitive files "would not alter [the length of] his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi*, 353 F. App'x at 682.

In turn, because Petitioner's custody level claims are not cognizable in a habeas petition, *he must proceed by way of a civil rights or declaratory judgment action*. *Leamer*, 288 F.3d at 542–43. Accordingly, the Court will dismiss Petitioner's § 2241 Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

This Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing fee for a civil complaint is $400.00, but inmates who proceed *in forma pauperis* are required to pay a $350.00 filing fee from their inmate accounts in automatically deducted monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)). In light of these differences, the "Court will not *sua sponte* re-characterize this pleading as a civil complaint." *E.g. id.*; *Bourahima Quattara v. U.S. Citizenship & Immigration Servs.*, No. 12-0263, 2012 WL 395726, at *1 (D.N.J. Feb. 2, 2012); *see also Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize a § 2241 petition as civil complaint).

Here, Petitioner has only paid the $5.00 filing fee for a habeas petition. If Petitioner wishes to bring his claims as a civil complaint, he may file a complaint in a new docket number and either prepay the $400.00 filing fee or apply to proceed *in forma pauperis*.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in the appropriate court. An appropriate order follows.


Dated: April __23__ , 2019                 s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge